No. 10,486.

* S. Nation et al., *Plaintiffs in Error,* v. H. R. Littler et al.,
*Defendants in Error.*

Error from Lyon district court; William A. Randolph, judge. Opinion
filed February 5, 1898. Affirmed.

*L. B. Kellogg* and *J. M. Kellogg,* both of Emporia, for plaintiffs in error.

*C. B. Graves, I. E. Lambert,* and *Henry Dickson,* all of Emporia, for defend-
ants in error.

*Per Curiam:* The Littler brothers brought an action against S.
Nation, P. Nation and Fred Nation to recover upon a grazing con-
tract. It was alleged that the Littlers agreed to keep in a certain
pasture for the Nations four hundred and thirty-four steers during
the season of 1894, and that the Nations were to pay $1.90 per head
for pasturage.

The Nations, in answer, claimed damages from the Littlers on
the ground that the water in the pasture was not good or sufficient,
as the contract required, and that they were, therefore, compelled to
take the cattle out of the pasture and place them in another.

The testimony in the case is not preserved. It is stated in the
record that the evidence was conflicting, there being much intro-
duced in support of the claims made by the respective parties.
There is a further statement that it was shown, and not denied,
that defendants procured a new pasture, for which they paid $800;
that the new pasture had plenty of grass and water, and that the
cattle did not do well for the season, and made from $3 to $5 each
less in growth and value than such cattle should have done if they
had had plenty of grass and water for all the season.

The jury found in favor of the Littlers, awarding them $164.92.

The condition of the record does not warrant us in saying that
error was committed in the trial court. The general finding is in
favor of the plaintiffs below. It does not appear that they agreed
to furnish any particular quality or quantity of grass and water.
According to the averments of their petition they leased the pas-
ture for the season as it was, not stipulating to furnish plenty of

* Note—This case was not reported in full when the opinion was filed (See
59 Kan. 773), and is reported here because it was cited in the case of *Hall v.
Kansas City,* ante, p. 752.

grass and water, nor that the cattle would do well throughout the season. The fact that the cattle did not do well for the season does not argue that there was a breach of the contract on the part of the Littlers. As against the general finding we cannot presume that the plaintiffs below failed in their agreement, either as to water or grass.

In returning their verdict the jury undertook to divide the costs, assessing one-half to each of the parties. This part of the verdict was properly set aside by the court. The plaintiffs having prevailed, were entitled to all of their costs, and the incorporation of the provision in the verdict did not defeat it nor require the granting of a new trial.

Judgment affirmed.